UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ALLEN D. CLINE, and )
MARSHA E. CLINE, )
      )
   Plaintiffs, )
      ) No. 6:13-CV-182-HAI
v. )
      ) MEMORANDUM OPINION AND
ALLSTATE INSURANCE COMPANY, ) ORDER
      )
   Defendant. )

\*\*\* \*\*\* \*\*\* \*\*\*

The Court considers the parties' cross-motions for summary judgment. Plaintiffs contend that summary judgment in their favor is appropriate because no rational trier of fact can find for the defendant on whether Plaintiffs committed civil arson or fraud, whether Defendant is entitled to punitive damages, and whether defendant is liable under the applicable insurance policy at issue. D.E. 58 at 5-6. Defendant contends that it is entitled to summary judgment as to Plaintiffs' claims of bad faith, claimed violations of the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"), request for punitive damages, and what it characterizes as the undisputed incendiary nature of the fire. D.E. 41.

Having fully considered the record and applicable law, the Court denies Plaintiffs' motion, and grants Defendant's motion.

I. BACKGROUND

Plaintiffs filed this action following the destruction of their house and all personal property therein by fire on or about January 13, 2013. D.E. 1-1 at 1. It is undisputed that, at the time of the fire, Plaintiffs' home and personal property contained therein were insured pursuant

to a policy issued by Defendant. The fire completely destroyed the home. Defendant concedes that Plaintiffs presented a "Sworn Statement in Proof of Loss" form. Defendant elected to deny Plaintiff's claim, and communicated that denial by letter dated May 22, 2013. *See* D.E. 41-3 at 9. Defendant relied upon the policy's exclusion for "intentional or criminal acts of or at the direction of any insured person" and an exclusion for concealment or misrepresentation of material fact or circumstance by any insured. *Id*. at 9-10. Defendant's claims handler, Marion Richard Read, Jr., indicates, by sworn affidavit, that

> the claim was denied based upon Allstate's contention that the evidence developed during its investigation demonstrated that a sudden and accidental direct physical loss by fire at the loss location did not occur, and that the investigative evidence demonstrated that all three elements of the civil arson defense existed, which included an incendiary or set fire, motive on the part of an insured, and an opportunity to have set the fire or direct another to set the fire. Furthermore, it was Allstate's contention as a result of its investigative findings that an insured person, Mr. Cline, misrepresented and concealed material facts and circumstances regarding the subject loss and the details surrounding the cause of the fire, and the parties responsible for setting the fire, also supporting Allstate's decision to deny the payment of the claim.

D.E. 41-3 at 2.

In September 2013, Plaintiffs filed a Complaint against Defendant in Wayne Circuit Court. D.E. 1-1 at 1. Plaintiffs claim breach of contract by Defendant's failure to pay under the policy and that Defendant acted in bad faith and in violation of the UCSPA, entitling them to punitive damages. *Id*. at 2. Defendant has asserted several defenses and counterclaims for civil arson, fraud, and punitive damages. D.E. 4. The case was timely removed to this Court.

The parties debate certain facts and circumstances concerning the fire. Defendant claims that its investigation reveals that Plaintiffs were motivated to rid themselves of their home so they could move away for various reasons. Defendant's theory is that Plaintiff Jeff Cline asked his son-in-law, Jeff Harp, to set fire to the home, and that he did so while Plaintiffs were away in

2

Indiana. Defendant contends that opportunity to set the fire is established by the fact that Plaintiffs' home alarm system was activated before they left their home and all doors and windows were secured, but the alarm monitoring company received no alert or alarm, which Defendant construes as meaning that whomever set the fire (which Defendant claims was intentional), did so with some input from Plaintiffs to avoid triggering the alarm. Of course, Plaintiffs dispute Defendant's theory as to motive and opportunity. As revealed below, resolution of these factual issues is not necessary to the Court's decision herein.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008).

However, once the moving party has met its burden of production, its opponent must "do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 US 574, 586 (1986)). Instead, the nonmoving party must present "significant probative evidence [of a genuine dispute] . . . to defeat the motion for summary

judgment." *Chao*, 285 F.3d at 424. The nonmoving party cannot simply rely upon the assertions in its pleadings. It must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

When reviewing cross-motions for summary judgment, the Court must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party. *See Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). In *Taft Broadcasting*, the Sixth Circuit pointed out that, on cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *See id* (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

### III. ANALYSIS

#### A. Plaintiffs' Motion for Summary Judgment

Plaintiffs contend that summary judgment in their favor is appropriate because no rational trier of fact can find for the defendant on whether Plaintiffs committed civil arson or fraud, whether Defendant is entitled to punitive damages, and whether defendant is liable under the applicable insurance policy at issue. D.E. 58 at 5-6. Plaintiffs' motion must be denied for many reasons. First, it fails to identify or cite to any applicable law. The closest the motion comes is to argue that Defendant's defenses and counterclaims require proof "that the plaintiffs participated in the alleged intentional burning of the home." D.E. 58 at 4. That may be true, but no legal authority is provided to educate the Court or guide its consideration of the factual issues presented. Second, Plaintiffs seek summary judgment as to whether Defendant is liable under

4

the applicable policy. This argument is entirely undeveloped as Plaintiffs do not cite to a single provision of the policy or even describe its terms. The Court cannot construe and apply the policy at issue without guidance from Plaintiffs as the summary judgment movants. For all these reasons, no basis for the Court to conclude that Plaintiffs are entitled to summary judgment as a matter of law is presented, and their motion must be denied.

### B. Defendant's Motion for Partial Summary Judgment

Defendant's motion focuses upon Plaintiffs' bad faith and UCSPA claims, as well as the factual question of the incendiary nature of the fire.

To prevail on their bad faith claims, Plaintiffs must establish that:

> (1) [T]he insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed[.]

*Wittmer v. Jones,* 864 S.W.2d 885, 890 (Ky.1993). "Liability for bad faith will arise only in those instances where an insurer acts with some degree of conscious wrongdoing, reckless [sic] or in a manner which reveals an unjustified gamble at the stake of the insured." *Matt v. Liberty Mut. Ins. Co.*, 798 F.Supp. 429, 434 (W.D.Ky.1991) *aff'd*, 968 F.2d 1215 (6th Cir.1992).

Defendant claims that Plaintiff cannot establish elements two and three of their bad faith claim. The Court's focus narrows to the issues concerning element three because they plainly establish that summary judgment is appropriate in Defendant's favor. Specifically, Defendant contends that there is "no evidence demonstrating that Allstate knew at the time it denied the clients' claim, that there was no basis for denying the claim or that Allstate acted with reckless disregard of whether such a basis existed." D.E. 41 at 11. Plaintiffs contend that malice and recklessness are evidenced by a purported intentional misrepresentation by Scott B. Griffin, a

5

private investigator who conducted an investigation into certain aspects of the loss caused by the fire. Plaintiffs claim that Griffin misrepresented a statement of Tammy Depoty, with whom Plaintiffs' daughter and son-in-law, Stacy and Jeff Harp, respectively, resided at the time of the fire. The misrepresentation allegedly appears in a report prepared by Griffin after interviewing Depoty and others, and was repeated at his deposition and affidavit tendered in support of Defendant's summary judgment motion. Plaintiffs contend malice and reckless disregard is established by the failure of Marion Richard Read, the Allstate-employed claims investigator who handled this loss, to verify Griffin's statement.

Plaintiffs' position suffers from many flaws. First, the specific "intentional misrepresentation" made by Griffin is not identified with any specificity so as to be meaningfully identified by the Court. Second, Plaintiffs generally aver that Griffin reported that Depoty had described conversations she overheard involving Jeff Harp discussing burning down someone's house for insurance money, which material is contained in a report prepared by Griffin. *See* D.E. 42 at 17. The argument goes that this was false because Depoty denied in her deposition that she relayed such information to Griffin. *See* D.E. 50 at 4. Not so. The cited testimony from Depoty is as follows:

> Q. Do you remember telling Mr. Griffin that you overheard Jeff Harp on the phone having a conversation with Allen Cline about the fire, about planning the fire?
>
> A. **I can't honestly say if I remember that or not**.
>
> Q. As you sit here today, do you remember overhearing a phone conversation?
>
> A. No. I can't honestly say that I can.

D.E. 35-1 at 37 (emphasis added). Depoty's testimony establishes only that she does not

6

remember what she told Griffin and does not remember overhearing Cline and Jeff Harp discussing planning the fire. She did not "deny" overhearing the conversation as argued by Plaintiffs in their brief (D.E. 50 at 4), thus no falsity has been demonstrated or even hinted at. Third, in turn, there is no evidence of "malice" or recklessness on Read's part for failing to verify anything in Griffin's report. In truth, Plaintiffs' argument is so strained that it nearly defies meaningful evaluation by the Court.

Plaintiffs identify no other purported evidence of recklessness, much less knowledge of a lack of a reasonable basis for denying the claim. Plaintiffs have therefore failed to present significant probative evidence of a genuine dispute as to element three of their bad faith claim, and Defendant is entitled to summary judgment on that claim.

This deficiency on Plaintiffs' part is also fatal to their UCSPA claim. "A cause of action for a violation of the UCSPA may be maintained only where there is proof of bad faith of an outrageous nature." *Hamilton Mut. Ins. Co. of Cincinnati v. Buttrey,* 220 S.W.3d 287, 293 (Ky. Ct. App.2007). Plaintiffs vaguely assert that Defendant "failed to follow up on all leads and thoroughly investigate this matter before making a decision to deny the claim" and therefore acted in bad faith. No evidence supporting that argument is offered however. Thus, Defendant is entitled to summary judgment on Plaintiffs' UCSPA claim.

Plaintiffs are therefore left with only their breach of contract claim. Under Kentucky law, punitive damages are not recoverable for a breach of contract claim unless the breach of contract also involved tortious conduct. *Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 486 (Ky. Ct. App. 1978). For the reasons described above, there is no evidence of any tortious conduct on Defendant's part. As a result, Defendant is entitled to summary judgment on Plaintiffs' claim for punitive damages.

Finally, Defendant contends that it is entitled to summary judgment on the incendiary nature of the fire, contending there is no evidence that contradicts the opinion of its cause and origin investigator, James Ray Stephens. Stephens's affidavit concludes "based on the overall evidence, it is my opinion that the fire that damaged the house owned by [Plaintiffs] was the result of an intentional act, also referred to as an incendiary fire cause." D.E. 41-4 at 3. Defendant contends that this evidence is unrebutted. Plaintiffs do not respond, in any way, to this portion of Defendant's motion. The Court therefore views it as unopposed, entitling Defendant to summary judgment on this issue as well.

## IV. CONCLUSION

Based upon the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment (D.E. 58) is **DENIED** and Defendant's Motion for Partial Summary Judgment (D.E. 41) is **GRANTED**.

This the 15th day of December, 2014.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge